Joshua B. Swigart (SBN 225557)
Josh@SwigartLawGroup.com
Juliana G. Blaha (SBN 331066)
Juliana@SwigartLawGroup.com
**SWIGART LAW GROUP, APC**
2221 Camino del Rio S, Ste 308
San Diego, CA  92108
P: 866-219-3343
F: 866-219-8344

Daniel G. Shay (SBN 250548)
DanielShay@TCPAFDCPA.com
**LAW OFFICE OF DANIEL G. SHAY**
2221 Camino del Rio S, Ste 308
San Diego, CA  92108
P: 619-222-7429
F: 866-219-8344

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONIQUE ARELLANO, individually and on behalf of others,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE BANK (USA), N.A.,<br><br>Defendant. | Case No.  **'21CV216   DMS BGS**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681 ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

**INTRODUCTION**

1. The United States Congress has long been concerned with safeguarding consumer personal information and privacy. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), to protect consumers and regulate those that buy and sell consumer reports. The FCRA provides rules for consumer reporting agencies regarding their grave responsibilities concerning fairness, impartiality, and a respect for consumer rights to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties and restrictions on those that access consumer credit information to ensure they have a permissible purpose to do so. Monique Arellano ("Plaintiff"), through Plaintiff's attorneys, brings this Class Action complaint for damages and to enjoin the deceptive business practices of Capital One Bank (USA), N.A. ("Defendant").

2. Specifically, Plaintiff brings this complaint, through Plaintiff's attorneys, for damages arising out of Defendant's unauthorized credit inquiry.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in the State of California.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

7. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors,

assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

8. Plaintiff is informed and believes, and thereon alleges, that Defendant acquired Plaintiff's credit information through unauthorized inquiry of Plaintiff's "consumer report[s]" as that term is defined by 15 U.S.C. 1681a(d)(1).

## JURISDICTION AND VENUE

9. Jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1331 because this action arises out of Defendant's violation(s) of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq.

10. Because Defendant is authorized to and regularly conduct business in the State of California, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) at the time of the incidents, Plaintiff resided in the County of San Diego, State of California, within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES AND DEFINITIONS

12. Plaintiff is a natural person who resides in the County of San Diego, State of California. Plaintiff is an individual and a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

13. Defendant is a national bank headquartered in Glen Allen, Virginia.

14. Defendant is authorized to, and regularly conducts, business in the State of California. Because it is an association or other entities, it is therefore "persons" as defined by 15 U.S.C. § 1681a(b).

15. Defendant offers credit, furnishes credit information, and accesses credit reports and is therefore subject to the FCRA.

16. The cause of action herein pertains to Plaintiff's "consumer report" as defined by 15 U.S.C. § 1681(d).

## STATUTORY BACKGROUND

17. The FCRA is a consumer protection statute which regulates the activities of credit reporting agencies and purchasers of credit reports, and which provides certain rights to consumers affected by unauthorized access to the collected information about them.

18. Congress designed the FCRA to preserve the consumer's right to privacy by safeguarding the confidentiality of the information maintained by the consumer reporting agencies. Congress stated in the opening section of the FCRA that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

19. Congress has chosen to protect the consumer's right to privacy by prohibiting any release of consumer reports unless the release is for one of the permissible purposes listed in 15 U.S.C. § 1681b.

20. 15 U.S.C. § 1681b(f) in turn provides "[a] person shall not use or obtain a consumer report for any purpose unless (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section."

21. The permissible purposes listed in section 1681b usually arise only in connection with transactions initiated by the consumer. *See* 15 U.S.C. § 1681b(a)(3)(A)-(F).

## FACTUAL ALLEGATIONS

22. Under the FCRA, companies are permitted to access their customers' credit reports as "account review inquiries" if the customers have open accounts with those companies.

23. In 2017, Plaintiff opened two credit card accounts with Defendant.

24. On May 22, 2019, Plaintiff filed Chapter Seven Bankruptcy in San Diego under case number 19-02963.

25. Both credit card accounts were included in Plaintiff's bankruptcy petition.
26. On August 20, 2019, Plaintiff's debts were discharged pursuant to a court order that was sent electronically to Defendant by the bankruptcy court. The order advised Defendant that Plaintiff's debts had been discharged.
27. Defendant did not file any proceedings to declare Plaintiff's obligations as "non dischargeable" pursuant to 11 U.S.C. § 523 et seq.
28. Defendant also did not request relief from the "automatic stay" codified at 11 U.S.C. § 362 et seq while Plaintiff's bankruptcy was pending to pursue Plaintiff for the debts.
29. Plaintiff did not reaffirm the debts to make them survive the bankruptcy.
30. Accordingly, Plaintiff's debts to Defendant were discharged through bankruptcy, and the accounts were closed.
31. Following August 2019, Plaintiff no longer had any open accounts with Defendant.
32. Nevertheless, on November 6, 2019, Defendant accessed Plaintiff's TransUnion credit report alleging it had a permissible purpose as an account review inquiry.
33. Even though Plaintiff's accounts with Defendant were closed after Plaintiff's debts were discharged in August 2019, Defendant submitted the described above unauthorized account review inquiry and accessed Plaintiff's private and personal information without a permissible purpose.
34. Defendant's inquiry and access to Plaintiff's credit report for "account review" facilitated by TransUnion was entirely unauthorized and without a permissible purpose. After the above referenced discharge order was entered, Plaintiff did not owe Defendant any debts, and Plaintiff's accounts with Defendant were closed by operation of the bankruptcy discharge.
35. At no point after August 2019, did Plaintiff inquire about Defendant's credit services.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

36. Further, Defendant had actual notice and knowledge of Plaintiff's discharge, so it was aware that Plaintiff's accounts were closed and knew it was unlawful to access Plaintiff's credit report at that point.

37. In fact, Plaintiff's TransUnion credit report dated November 25, 2019 specifically stated that Plaintiff's two credit card accounts with Defendant were "CLOSED BY GRANTOR."

38. 15 U.S.C. § 1681b delineates the only permissible uses of, or access to, consumer reports.

39. Defendant's inquiry of Plaintiff's consumer report information, without Plaintiff's consent, falls outside the scope of any permissible use or access included in 15 U.S.C. § 1681b.

40. Defendant accessed Plaintiff's private and confidential information without Plaintiff's consent or a permissible purpose thereby invading Plaintiff's privacy. Much like trespass to real property, which has been unlawful for hundreds of years, an invasion of privacy may not cause monetary damages—but it's an invasion, nonetheless. There is no requirement for actual damages, the invasion itself is the injury. Privacy is a long-protected right in the United States and Plaintiff has suffered concrete harm resulting from Defendant's willful invasion of privacy.

## CLASS ACTION ALLEGATIONS

41. Plaintiff brings this action on behalf of Plaintiff and on behalf of all others similarly situated as members of the proposed class and subclass.

42. A nationwide class is defined as follows:

> Class A:
>
> All persons with an address within the United States whose consumer credit reports were obtained by Defendant as account review inquiries within the past five years from any of the three major credit reporting agencies

- 6 -
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

(TransUnion, Equifax, and Experian), where the consumer did not have an account with Defendant.

43. A statewide subclass is defined as follows:

Class B:

All persons with an address within the State of California whose consumer credit reports were obtained by Defendant as account review inquiries within the past five years from any of the three major credit reporting agencies (TransUnion, Equifax, and Experian), where the consumer did not have an account with Defendant.

44. Defendant and its employees or agents are excluded from the class and subclass. Plaintiff does not know the number of members in the class but believes the class members number is in the thousands, if not more. This matter should therefore be certified as a class action to assist in the expeditious litigation of this matter.

45. Plaintiff reserves the right to redefine the class and subclass and to add additional subclasses as appropriate based on discovery and specific theories of liability.

46. Plaintiff and members of the class and subclass were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, engaged in illegal and deceptive practices when it submitted an unauthorized consumer report inquiry under 15 U.S.C. § 1681 et seq. Plaintiff and the class members were damaged thereby.

47. This suit seeks only recovery of actual and statutory damages on behalf of the class and subclass, and it expressly is not intended to request any recovery for personal injury and claims related thereto.

48. The joinder of the class and subclass are impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties

and to the court. The class and subclass can be identified through Defendant's records or Defendant's agents' records.

49. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the class and subclass predominate over questions which may affect individual class members, including the following:

   a. Whether, within the five years prior to the filing of this Complaint, Defendant or its agents submitted any consumer credit report inquiries without a permissible purpose or the consent of members of Class A;

   b. Whether, within the five years prior to the filing of this Complaint, Defendant or its agents submitted any consumer credit report inquiries without a permissible purpose or the consent of California members of Class B;

   c. Whether Plaintiff and the class members were damaged thereby, and the extent of damages for such violations;

   d. Whether Plaintiff and the class members are entitled to statutory damages as a result of Defendant's conduct;

   e. Whether Plaintiff and the class members are entitled to injunctive relief;

   f. Whether Plaintiff and the class members are entitled to an award of reasonable attorneys' fees and costs;

   g. Whether Plaintiff will fairly and adequately protect the interest of the class; and

   h. Whether Plaintiff's counsel will fairly and adequately protect the interest of the class.

50. As a California consumer that suffered unauthorized credit report inquiries by Defendant, Plaintiff is asserting claims that are typical of both the class and the subclass. Plaintiff will fairly and adequately represent and protect the interests

of the class and subclass in that Plaintiff has no interests antagonistic to any member of the class and subclass.

51. Plaintiff and the members of the class and subclass have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct.  Absent a class action, the class and subclass will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy, and Defendant will likely continue such illegal conduct absent a class action.  Because of the relatively small size of the individual class members' claims, few, if any, class members could afford to seek legal redress for the wrongs complained of herein on an individual basis.

52. Plaintiff retained counsel experienced in handling class action claims and claims involving violations of the FCRA.

53. A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with federal law.  The interests of the class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for FCRA violations are minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many other class actions.

54. Defendant has acted on grounds generally applicable to the class and subclass, thereby making appropriate declaratory relief with respect to the class and subclass as a whole.

### CAUSE OF ACTION
### The Fair Credit Reporting Act
### 15 U.S.C. §§ 1681-1692x (FCRA)

55. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. The foregoing acts and omissions constitute multiple violations of the FCRA.

57. As a result of each negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from Defendant.

58. As a result of each willful violation of the FCRA, Plaintiff is entitled to statutory damages of not less than $100 and not more than $1,000 and such amount as the Court may allow for all other class members, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the Court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the class members pray for relief and judgment as follows:

a) Certifying the class and subclass as requested herein;
b) Appointing Plaintiff as the proper class representative;
c) Appointing Plaintiff's counsel as class counsel;
d) Special, general, compensatory and punitive damages;
e) An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
f) An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
g) An award of costs of litigation and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA; and
h) Any other relief the Court may deem just and proper.

///
///
///
///
///

# **DEMAND FOR JURY TRIAL**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff and the class members are entitled to, and demand, a trial by jury.

Date:  February 4, 2021                              SWIGART LAW GROUP, APC

By:  *s/ Joshua B. Swigart*
Joshua B. Swigart, Esq.
Josh@SwigartLawGroup.com

*Attorneys for Plaintiff*